UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA TOENSING<br>56 Riberia Street<br>St. Augustine, FL 32084<br><br>    Plaintiff,<br>v.<br><br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>    Defendant. | Civil Case No. 1:25-cv-2385 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff Victoria Toensing alleges against Defendant U.S. Department of Justice as follows:

1. This action is under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records and/or a lawful response by Defendant to a narrowly-tailored FOIA request seeking only <u>three</u> documents, all executed affidavits filed with the federal courts.[1]

2. Because DOJ has been dilatory processing prior broader requests filed in 2024, Plaintiff sought only <u>three</u> documents. To wit: in *Toensing v. DOJ*, Case No. 1:24-cv-02444-SLS (D.D.C.), Defendant claimed it has tens of thousands of pages of records relating to Toensing and dated during specified months in 2019 and 2020. Defendant also claimed it was processing such records at a rate of 300 documents per month or 500 pages per month. But only a handful of records have been produced, with a production in May 2025 of only

---

[1] The request at issue was made pursuant to FOIA and the Privacy Act. DOJ has not responded to the Privacy Act request. This litigation does not encompass any potential claims under that Act.

1

16 pages. In June 2025, the Department purported it had searched "over 1,000 pages" in the Southern District of New York ("SDNY"), but found no responsive records.[2] In other words, DOJ has failed to comply with Toensing's several FOIA requests. Toensing sought to cut through DOJ's delay by requesting only <u>three</u> documents, all filed by DOJ with the Courts.

3. Plaintiff's FOIA request at issue was submitted May 15, 2025, and assigned tracking number EMRUFOIA051525-3 the next day. A true and correct copy of Toensing's FOIA request is attached as Exhibit A.

4. A true and correct copy of Defendant's letter acknowledging receipt of the request and assigning a tracking number is attached as Exhibit B. A true and correct copy of Defendant's most recent correspondence is attached as Exhibit C.

5. Plaintiff was entitled to a waiver of all FOIA fees, which was included in the FOIA request.

6. Defendant violated FOIA by failing to issue a timely determination with respect to this FOIA request within the 20-day time limit established under, *inter alia*, 5 U.S.C.S. § 552(a)(6)(A)(i).

7. Defendant has failed to provide a timely or lawful determination capable of administrative appeal. Therefore, Toensing has no obligation to appeal administratively before seeking relief in this Court. *Citizens for Responsibility and Ethics in Washington (CREW) v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013) (a FOIA "determination" requires more than a mere letter acknowledging the existence of a request and Defendant's failure to timely make a "determination" renders a case ripe for judicial review).

---

[2] What then were the factual bases for searching this location for "over 1,000" documents?

8.     Defendant's failure to respond in any meaningful or substantive way to Plaintiff's FOIA request constructively exhausted all Plaintiff's administrative remedies. Plaintiff has no choice but to file this lawsuit to compel DOJ to comply with the law regarding release of agency records and the requirement to make a determination.

9.     Because DOJ ignored FOIA's statutory deadlines, Plaintiff asks this Court to compel Defendant to search for and release records responsive to her FOIA request, and to provide an index of any claimed exempt material for purposes of further judicial review.

## **PARTIES**

10.    Plaintiff is a member of the District of Columbia bar and resident of North Florida. In April 2021, she was the target of unprecedented action by DOJ, which sought and received a search warrant authorizing seizure of all her electronic data, which included clients' privileged data. This action violated DOJ policy, which requires issuance of a subpoena rather than a search warrant for client files. Toensing was not a "target," but cited as having information of a third party committing a crime, all the more reason for DOJ issuing a subpoena rather than a search warrant. Worse, the same SDNY attorneys had covertly accessed all her electronic data in late 2019, but she was only told in April 2021. Because of the April 2021 warrant, Toensing had to spend legal fees over $500,000.00 to protect legal privileges belonging to her clients. SDNY refused to utilize search terms to locate relevant documents. Instead, its position was all material seized was DOJ's unless Toensing protected her clients by asserting privilege as to each client document.[3] Media reported on the unusual proceedings that ensued in the U.S. District Court for the SDNY. In

---

[3] After 18 months, DOJ found not one relevant document. But DOJ already knew there were none when it covertly accessed all Toensing's electronic data in late 2019.

3

fact, CNN called Toensing mere minutes after the FBI left, asking her to comment on "the raid" of her home.

11.     DOJ, a federal "agency" within the meaning of FOIA, is headquartered in Washington, DC.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

13.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are likely held or managed within the geographic borders of the District of Columbia.

14.     Additionally, venue is proper because DOJ is a federal agency that operates in the District of Columbia.

15.     There is no obligation for Plaintiff to exhaust administrative remedies regarding to her FOIA request, because Defendant failed to provide a proper and lawful "determination" to the request and Toensing therefore has no obligation to appeal administratively.

## STATUTORY BACKGROUND

16.     FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to

the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

17. 5 U.S.C.S. § 552(a)(6)(A) states that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request for information and toll the 20-day period while it awaits reasonably requested information from the requester, § 552(a)(6)(A)(ii)(I), and the agency may toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). The agency's receipt of the requester's response ends the tolling period.

18. Neither provision with reference to tolling applies to the FOIA request at issue here because DOJ did not seek additional information from Plaintiff.

19. Defendant owed Plaintiff a "determination" with respect to her FOIA Request, as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), by approximately June 16, 2025 (or perhaps as late as July 1, 2025, if DOJ could establish that truly "unusual circumstances" applied to the request). To date, however, DOJ has provided no lawful "determination" at all with respect to Toensing's FOIA request.

20. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011), this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements."

21. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

22. Although Defendant has failed to produce or even search for records, it continues to assert a right to fees.

5

23. Defendant is past the statutory period for issuing a lawful determination with respect to the above-described FOIA request. Defendant cannot seek fees.

24. Defendant is constructively or actually denying Plaintiff access to agency records and a lawful determination with respect to such records in violation of FOIA.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

25. Plaintiff re-alleges all the foregoing paragraphs as if fully set out herein.

26. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

27. Plaintiff has a statutory right to the information and records she seeks and that Defendant has unlawfully withheld.

28. Plaintiff is not required to further pursue administrative remedies, or alternatively has constructively exhausted such remedies.

29. Plaintiff asks this Court to enter a judgment declaring that:

   a) Plaintiff is entitled to records responsive to her FOIA request described above, but Defendant failed to provide them; and
   b) Defendant's processing of Plaintiff's FOIA request is not in accordance with law, and does not satisfy Defendant's obligations under FOIA; and
   c) Defendant must now produce records responsive to Plaintiff's request and do so at no cost to Plaintiff.

### SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

30. Plaintiff re-alleges all the foregoing paragraphs as if fully set out herein.

31. Plaintiff is entitled to injunctive relief compelling Defendant to search for and produce the records responsive to the FOIA request(s) described in this pleading.

32. Plaintiff asks the Court to enter an injunction ordering Defendant to search for and produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above.

33. Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

34. Plaintiff re-alleges all of the foregoing paragraphs as if fully set out herein.

35. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

36. This Court should enter an injunction or other appropriate judgment or order requiring Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

   WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for her attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 23rd day of July 2025,

>VICTORIA TOENSING
>By Counsel:
>
>/s/Matthew D. Hardin
>Matthew D. Hardin, D.C. Bar # 1032711
>Hardin Law Office
>1725 I Street NW, Suite 300
>Washington, DC 20006
>Phone: (202) 802-1948
>Email: MatthewDHardin@protonmail.com