# HARDIN LAW OFFICE

EXHIBIT
A

Matthew D. Hardin · 101 Rainbow Drive · PMB 11506 · Washington, D.C. 20006
Phone: (202) 802-1948 · Email: HardinLawPLLC@icloud.com

May 15, 2025

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

**Re: FOIA Request / Privacy Act Request on behalf of Victoria Toensing**

To Whom it May Concern:

This office represents Victoria Toensing with reference to the matters below.

On behalf of Ms. Toensing and pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., and additionally pursuant to the Privacy Act, 5 U.S.C. § 552a *et seq*., I request records relating to Ms. Toensing as described herein.

Please provide all documents in the possession of the SDNY U.S. Attorney's Office and the Department of Justice, specifically the Offices of the Attorney General and Assistant Attorney General, Criminal Division, regarding Victoria Toensing and involving the following issues and time periods stated below:

1) The executed affidavit in support of and that established the basis for applying for a covert warrant to Google, LLC for the email account vt@digenovatoensing.com and signed by a United States Magistrate, SDNY, on December 13, 2019 at 3:07 p.m.

2) The executed affidavit in support of and that established the basis for applying for a covert warrant to Apple, Inc., for the telephone number 202 255 8863 "and email and iCloud account" and signed by SDNY United States District Judge J. Paul Oetken on November 4, 2019 at 10:47 a.m.

3) The executed affidavit in support of and that established the basis for applying for a search warrant for the property of Victoria Toensing at 5807 Hillburne Way, Chevy Chase, Maryland 20815 and issued April 22, 2021 by United States Magistrate Gina L. Simms at 9:35 a.m.

Under the FOIA Improvement Act of 2016, agencies are prohibited from denying requests for information under the FOIA unless the Department reasonably believes release of the information will harm an interest that is protected by the exemption. FOIA Improvement Act of 2016 (Public Law No. 114-185), codified at 5 U.S.C. § 552(a)(8)(A). Should you decide to invoke a FOIA exemption, please include sufficient information for us to assess the basis for the exemption, including any interest(s) that would be harmed by release. This office represents Ms. Toensing, and for purposes of this request Ms. Toensing waives any right she may have to insist that the government withhold the described information, whether under Exemption 6 of the

Freedom of Information Act or otherwise. This waiver should not be construed to impact the right to privacy or confidentiality held by any client of Ms. Toensing's.

Please include a detailed ledger for any withheld information, which includes:

1. Basic factual material about each withheld record, including the originator, recipients, date, length, general subject matter, and location of each item; and

2. Complete explanations and justifications for the withholding, including the specific exemption(s) under which the record (or any portion of the record) was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justification may help to avoid litigation.

If you should seek to withhold or redact any responsive records or parts of records, we request that you: (1) identify each such record with specificity (including date, author, recipient, and parties copied); (2) explain in full the basis for withholding responsive material; and (3) provide all segregable portions of the records for which you claim a specific exemption. 5 U.S.C. §552(b). Please correlate any redactions with specific exemptions under FOIA or with any other lawful basis you believe exists for withholding or redacting any information.
.
These search parameters are sufficiently narrow and precise in their clear delineation for described records over specific dates sent to or from specified Department employees.

In the interests of avoiding delay with back-and-forth, Ms. Toensing is willing to provisionally pay fees up to $200 in the event the Department assesses fees. Nonetheless, in this event, please provide an estimate of anticipated costs in the event that fees for processing this Request will exceed $200. Given the nature of the records responsive to this request, all should be in electronic format, and therefore there should be no photocopying costs (see discussion, *infra*).

## The Department Owes Requester a Reasonable Search

FOIA requires an agency to make a reasonable search of records, judged by the specific facts surrounding each request. *See, e.g., Itrurralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *Steinberg v. DOJ*, 23 F.3d 548, 551 (D.C. Cir. 1994). In this situation, there should be no difficulty in finding the requested documents.

## The Department Must Err on the Side of Disclosure

It is well-settled that Congress, through FOIA, "sought 'to open agency action to the light of public scrutiny.'" *DOJ v. Reporters Comm. for Freedom of Press*, 498 U.S. 749, 772 (1989) (*quoting Dep't of Air Force v. Rose*, 425 U.S. 353, 372 (1976)). The legislative history is replete with reference to the "'general philosophy of full agency disclosure'" that animates the statute. *Rose*, 425 U.S. at 360 (*quoting* S. Rep. No. 813, 89th Cong., 2nd Sess., 3 (1965)). Accordingly, when an agency withholds requested documents, the burden of proof is placed squarely on the agency, with all doubts resolved in favor of the requester. *See, e.g., Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 352 (1979). This burden applies across scenarios and regardless of whether the agency is claiming an exemption under FOIA in whole or in part. *See, e.g., Tax Analysts*, 492 U.S. 136, 142 n. 3 (1989); *Consumer Fed'n of America v. Dep't of Agriculture*,

455 F.3d 283, 287 (D.C. Cir. 2006); *Burka*, 87 F.3d 508, 515 (D.C. Cir. 1996). The act is designed to "pierce the veil of administrative secrecy and to open agency action to the light of scrutiny." *Department of the Air Force v. Rose*, 425 U.S. 352 (1976). It is a transparency-forcing law, consistent with "the basic policy that disclosure, not secrecy, is the dominant objective of the Act." *Id.*

## **Withholding and Redaction**

Please identify and inform this firm of all responsive or potentially responsive records within twenty days, and additionally issue a determination with reference to the basis of any claimed exemptions or privilege and to which specific responsive or potentially responsive record(s) such objection applies. Pursuant to high- profile and repeated promises and instructions from the previous President and Attorney General we request the Department err on the side of disclosure and not delay production of this information of great public interest through lengthy review processes over which withholdings they may be able to justify. In the unlikely event that the Department claims any records or portions of records are exempt under any of FOIA's discretionary exemptions, we request you exercise that discretion and release them consistent with statements by a former President and Attorney General, *inter alia*, that "**The old rules said that if there was a defensible argument for not disclosing something to the American people, then it should not be disclosed. That era is now over, starting today" (President Barack Obama, January 21, 2009), and "Under the Attorney General's Guidelines, agencies are encouraged to make discretionary releases. Thus, even if an exemption would apply to a record, discretionary disclosures are encouraged**." (Department of Justice, Office of Information Policy, OIP Guidance, "Creating a 'New Era of Open Government'").

Further, former Attorney General Merrick Garland has published a statement that "Transparency in government operations is a priority of this Administration and this Department." Attorney General's FOIA Guidelines (March 2022).

Nonetheless, if DOJ takes the position that any portion of the requested record(s) may be exempt from disclosure, please inform this firm of the basis of any partial denials or redactions, and provide the rest of the record, all reasonably segregable, non-exempt information, withholding only that information that is properly exempt under one of FOIA's nine exemptions. *See* 5 U.S.C. §552(b). We remind the Department that it cannot withhold entire documents rather than producing their "factual content" and redacting any information that is legally withheld under FOIA exemptions. As the D.C. Circuit Court of Appeals noted, the agency must "describe the factual content of the documents and disclose it or provide an adequate justification for concluding that it is not segregable from the exempt portions of the documents." *King v. Department of Justice*, 830 F.2d 210, at 254 n.28 (D.C. Cir. 1987). **As an example of how entire records should not be withheld when there is reasonably segregable information, we note that at bare minimum basic identifying information** (that is "who, what, when" information, *e.g.*, To, From, Date, and typically Subject) is presumptively not "deliberative" or otherwise exempt.

If it is your position that a document contains non-exempt segments and that those nonexempt segments are so dispersed throughout the documents as to make segregation impossible, please state what portion of the document is non-exempt and how the material is dispersed through the document. See *Mead Data Central v. Department of the Air Force*, 455 F. 2d 242, 261. Further, we request that you provide this firm with an index all such withheld documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415

U.S. 977 (1972), with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA" pursuant to *Founding Church of Scientology v. Bell*, 603 F.2d 945, 959 (D.C. Cir. 1979), and "describ[ing] each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." *King v. Department of Justice*, 830 F.2d at 223-24.

**Claims of non-segregability must be made with the same practical detail as required for claims of exemption in a Vaughn index.** If a record is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

Please provide responsive documents in complete form. Any burden on the Department will be lessened if it produces responsive records without redactions and in complete form.

## Format of Requested Records

Under FOIA, you are obligated to provide records in a readily accessible electronic format and in the format requested. See, *e.g.,* 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."). "Readily accessible" means text-searchable and OCR-formatted. See 5 U.S.C. § 552(a)(3)(B).

We request you include an index of redacted information and records withheld in full.

## Fee Waiver Request

**Our request for fee waiver is primarily for reasons of significant public interest, and secondarily on the basis that Ms. Toensing is engaged in the dissemination of information through frequent appearances on various televised media**. The Department must address both of these requests for fee waiver in the event it denies one; failure to do so is *prima facie* arbitrary and capricious.

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). To provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). FOIA's fee waiver requirement is "liberally construed." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003); *Forest Guardians v. U.S. Dept. of Interior*, 416 F.3d 1173, 1178 (10th Cir. 2005).

The 1986 fee waiver amendments were designed specifically to provide access to government records without payment of fees. Indeed, FOIA's fee waiver provision was intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups." *Ettlinger v. FBI*, 596 F.Supp. 867, 872 (D. Mass. 1984) (emphasis added). As one Senator stated, "[a]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information" 132 Cong. Rec. S. 14298 (statement of Senator Leahy).

### I.    Ms. Toensing Qualifies for a Fee Waiver.

Under FOIA, a party is entitled to a fee waiver when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the [Federal] government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

First, Ms. Toensing plainly qualifies as a media requester as shown by the frequency with which she appears on televised media programs, and her frequent appearances show an intention and ability to broadly disseminate responsive information. Further, in the alternative, the Department must consider four factors to determine whether a request is in the public interest: (1) whether the subject of the requested records concerns "government operations or activities," (2) whether the disclosure "is likely to contribute" to an understanding of government operations or activities, (3) whether the disclosure "is likely to contribute to public understanding" of a reasonably broad audience of persons interested in the subject, and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities. As shown below, Ms. Toensing and this request meet each of these factors.

### A.   The Subject of This Request Concerns "the Operations and Activities of the Government."

The subject matter of this request concerns the activities of a highly controversial decision by DOJ to seek records from an attorney via issuance of a search warrant rather than following DOJ guidelines and issuance of a subpoena, which necessitated extensive litigation and expense to Ms. Toensing, and also to the appointment of a special master to oversee review of privilege claims.

### B.   Disclosure is "Likely to Contribute" to an Understanding of Government Operations or Activities.

As described above, the requested records inherently are meaningfully informative about government operations or activities and will contribute to an increased understanding of those operations and activities by the public.

The requested records pertain to that described in "A," immediately above.

Any records responsive to this request therefore are likely to have an informative value and are "likely to contribute to an understanding of Federal government operations or activities." We note that the DOJ records at issue have been the subject of substantial media interest.

Disclosure of the requested records will allow Ms. Toensing to convey information to the public about the DOJ's decision to issue search warrants for attorney files and what this policy means for all practitioners going forward.

Thus, the requested records are likely to contribute to an understanding of government operations and activities.

**C.    Disclosure of the Requested Records Will Contribute to a Reasonably Broad Audience of Interested Persons' Understanding of the Agency's Decision Making.**

For reasons already described, the requested records will contribute to public understanding of DOJ's decision to seek records from an attorney via search warrant rather than the ordinary subpoena process as prescribed by DOJ regulations. As explained above, the records will contribute to public understanding of this topic.

Through Ms. Toensing's synthesis and dissemination (by means discussed in Section II, below), disclosure of information contained and gleaned from the requested records will contribute to a broad audience of persons who are interested in the subject matter. *Ettlinger v. FBI*, 596 F.Supp. at 876 (benefit to a population group of some size distinct from the requester alone is sufficient); *Carney v. Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (applying "public" to require a sufficient "breadth of benefit" beyond the requester's own interests); *Cmty. Legal Servs. v. Dep't of Hous. & Urban Dev.*, 405 F.Supp.2d 553, 557 (E.D. Pa.2005) (in granting fee waiver to community legal group, court noted that while the requester's "work by its nature is unlikely to reach a very general audience… there is a segment of the public that is interested in its work").

Indeed, the public does not currently have an ability to evaluate any aspect of the particular decisions reflected in the records at issue. We are also unaware of any previous release to the public of these or similar records. See *Cmty. Legal Servs. v. HUD*, 405 F.Supp.2d 553, 560 (D. Pa. 2005) (because requested records "clarify important facts" about agency policy, "the CLS request would likely shed light on information that is new to the interested public."). As the Ninth Circuit observed in *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1286 (9th Cir. 1987), "[FOIA] legislative history suggests that information [has more potential to contribute to public understanding] to the degree that the information is new and supports public oversight of agency operations".

Disclosure of these records is not only "likely to contribute," but is also certain to contribute, to public understanding of the Government's decisions regarding the requested information. The public is always well served when it knows how the government conducts its activities. Hence, there can be no dispute that disclosure of the requested records to the public will educate the public about the Agency's interaction with pressure groups seeking to influence Agency decision making.

**D.    Disclosure is Likely to Contribute Significantly to Public Understanding of Government Operations or Activities.**

Ms. Toensing is not requesting these records merely for their intrinsic informational value. Disclosure of the requested records will significantly enhance the public's understanding of the issues.

**II.    Ms. Toensing has the Ability to Disseminate the Requested Information Broadly.**

Ms. Toensing regularly disseminates information and her commentary via appearances on national news media. A key component of being able educate the public about the operations and activities of the government through media appearances is access to information from the government. Ms. Toensing intends to publish information from requested records and to use it in

FOIA / PA REQUEST
May 15, 2025

media appearances.

Through these means, Ms. Toensing will ensure:

(1)     that the information requested contributes significantly to the public's understanding of the government's operations or activities;
(2)     that the information enhances the public's understanding to a greater degree than currently exists;
(3)     that Ms. Toensing possesses the expertise to explain the requested information to the public;
(4)     that Ms. Toensing possesses the ability to disseminate the requested information to the general public; and
(5)      that the news media recognizes Ms. Toensing as a reliable source in the field of government officials' conduct.

Public oversight and enhanced understanding of the Administration's duties are absolutely necessary for the honest administration of government. In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject. *Carney v. U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994). Ms. Toensing need not show how she intends to distribute the information, because "[n]othing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity." *Judicial Watch*, 326 F.3d at 1314. It is sufficient for Ms. Toensing to show how she distributes information to the public generally. *Id*.

Obtaining the requested records is of no commercial interest to the requester. Although Ms. Toensing is paid for media appearances, her compensation is not tied to the documents requested and she does not expect to profit monetarily from information contained in the requested documents. Access to government records and materials through FOIA requests is essential to Ms. Toensing's role of educating the general public through media appearances. Ms. Toensing has no commercial interest and will realize no commercial benefit from the release of the requested records.

Therefore, **Ms. Toensing first seeks waiver of any fees** under FOIA on the above significant public interest basis.

**In the alternative**, Ms. Toensing requests a waiver or reduction of fees as a representative of the news media. Provisions for determining whether a requesting party is a representative of the news media and the "significant public interest" provision, are not mutually exclusive. As Ms. Toensing is a non-commercial requester, she is entitled to liberal construction of the fee waiver standards. 5 U.S.C.S. § 552(a)(4)(A)(iii), *Perkins v. U.S. Department of Veterans Affairs*, 754 F.Supp.2d. 1 (D.D.C. 2010). Alternately and only in the event the Department refuses to waive our fees under the "significant public interest" test, the Department must explain any denial of treatment of Ms. Toensing as a media requester. Ms. Toensing asks for a waiver or limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by a representative of the news media…").

The Department must address both requests for fee waiver in the event it denies one; failure to do so is *prima facie* arbitrary and capricious.

FOIA / PA REQUEST
May 15, 2025

**<u>Conclusion</u>**

To establish a reasonable belief that it is processing our request, we ask the Department to provide particularized assurance it is reviewing some quantity of records with an eye toward production on some estimated schedule, so as to establish some reasonable belief that it is processing our request. 5 U.S.C.A. § 552(a)(6)(A)(i). The Department must at least inform this firm of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents it plans to withhold under any FOIA exemptions; FOIA specifically requires the Department to notify us with a timely, particularized, and substantive determination, and of its determination and its reasoning, as well as Ms. Toensing's right to appeal; further, FOIA's unusual circumstances safety valve to extend time to make a determination, and its exceptional circumstances safety valve providing additional time for a diligent Department to complete its review of records, indicate that responsive documents must be collected, examined, and reviewed in order to constitute a determination. *See Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013). *See also*, *Muttitt v. U.S. Central Command*, 813 F. Supp. 2d 221; 2011 U.S. Dist. LEXIS 110396 at *14 (D.D.C. Sept. 28, 2011) (addressing "the statutory requirement that [agencies] provide estimated dates of completion").

We request the Department furnish records to this firm as soon as they are identified, preferably electronically, but as needed to my attention, at the address in the letterhead above. We inform the Department of our intention to protect our appellate rights on this matter at the earliest date should the Department not comply with FOIA or with *CREW v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013). We look forward to your response.

Very truly yours,

Matthew D. Hardin

Page 8