

**EXHIBIT A**

**U.S. Department of Justice**

Executive Office for United States Attorneys

_____

Freedom of Information and Privacy Staff                Suite 5.400, 3CON Building          (202) 252-6020
                                                        175N Street, NE
                                                        Washington, DC  20530

March 4, 2026

Matthew Hardin
Hardin Law Office
101 Rainbow Drive
Washington, DC  20006
MatthewDHardin@protonmail.com

  Re: Request Number LITG-2025-000027 (EOUSA-2025-004104)
  Date of Receipt:  August 21, 2025
  Subject of Request:  1) The executed affidavit in support of and that established the basis for applying for a covert warrant to Google, LLC for the email account vt@digenovatoensing.com and signed by a United States Magistrate, SDNY, on December 13, 2019 at 3:07 p.m. 2) The executed affidavit in support of and that established the basis for applying for a covert warrant to Apple, Inc., for the telephone number 202 255 8863 "and email and iCloud account" and signed by SDNY United States District Judge J. Paul Oetken on November 4, 2019 at 10:47 a.m. 3) The executed affidavit in support of and that established the basis for applying for a search warrant for the property of Victoria Toensing at 5807 Hillburne Way, Chevy Chase, Maryland 20815 and issued April 22, 2021 by United States Magistrate Gina L. Simms at 9:35a.m.

Dear Matthew Hardin:

  This letter is the first and final response to your Freedom of Information Act/Privacy Act (FOIA/PA) request that is now the subject of a FOIA lawsuit[1]. The Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

  To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

  We determined it appropriate to deny in full 160 pages. The exemptions cited for withholding records or portions of records are FOIA exemptions 3, 6, 7(a) 7(c), 7(e) and court sealed. 5 U.S.C. § 552 (b)(3) (50 U.S.C. 3024(i)(1) – Sources & Methods, Intelligence (formerly

---

[1] <u>Victoria Toensing v. United States Department of Justice</u>, Civil Action No. 1:25-cv-2385.

NSA Act of 1947)), (b)(6), b)(7)(A), (b)(7)(C), and (b)(7)(E). Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions. The released records were found in the files of the United States Attorney's Office for the Southern District of New York.

As this matter is in litigation, an administrative appeal is moot. Therefore, we have omitted our standard paragraph concerning administrative appeal procedures. If you have any questions about this response, please contact the Assistant United States Attorney assigned to your case.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

**EXPLANATION OF EXEMPTIONS**

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

(b) (1)   (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information complied in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.