UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA TOENSING,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-2385 (SLS) |

**DEFENDANT'S CONSENT MOTION FOR A STAY OF THE SUMMARY JUDGMENT BRIEFING SCHEDULE**

Defendant, the United States Department of Justice ("DOJ" or "Defendant"), by and through undersigned counsel in this Freedom of Information Act ("FOIA") case, respectfully moves for a stay of the summary judgment briefing schedule until further order of the Court, and that the parties meet and confer and file, by December 4, 2026, a status report updating the Court on the status and propose a new summary judgment briefing schedule, if necessary. Defendant's motion for summary judgment is presently due on October 5, 2026.

Pursuant to Local Civil Rule 7(m), undersigned counsel consulted with counsel of record for Plaintiff, Matthew Hardin, regarding the relief requested in this motion and he kindly consented.

**ARGUMENT**

Good cause exists for the granting of this motion, and this Court should use its broad discretion to stay the summary judgment briefing schedule.

As the Court is aware, the United States District Court for the District of Maryland recently issued an order unsealing certain documents directly relevant to the issues before the Court in the

above-captioned matter. Specifically, on September 22, 2026, the Maryland court granted Victoria Toensing's motion to intervene and unseal search warrant materials which directly overlap with Plaintiff's FOIA request in this case. *See* Order Granting Motion to Intervene and Unseal and Permitting Proposed Redactions, *In the Matter of the Search of 5807 Hillburne Way, Chevy Chase, MD*, 20815, case no. 8:21-mj-01202-GLS, ECF No. 24 (Sept. 22, 2026). Although the Maryland court granted Ms. Toensing's request to unseal the materials, the order further directed counsel for the United States to file proposed redactions, under seal, within seven days after the court's ruling for the court's review. It is therefore still unclear which portions of the documents will be disclosed, or if certain redactions will be applied, as counsel for the United States requested to provide at least a limited set of redactions "to ensure the personal privacy interests of federal agents, prosecutors, and third parties who have not consented to the disclosure." *Id.* at 1.

Recognizing this significant development, this Court then directed that:

> the Court expects that any request for an extension of the briefing deadlines will address how many documents/pages in this case are impacted by the Maryland order, which DOJ components need to review the documents, and a reasonable timeline for that review.

Min. Ord. (Sept. 25, 2026). Defendant has already provided a *Vaughn* index to Plaintiff, by and through counsel, in preparation of filing its motion for summary judgment. *See* Notice, ECF No. 21 (Sept. 21, 2026). As a result of the Maryland order, all of the documents listed in the *Vaughn* are impacted and will have to be reviewed by the Executive Office for United States Attorneys ("EOUSA"), as well as the Federal Bureau of Investigation ("FBI"). The draft *Vaughn* lists 6 documents and a total of 168 pages that will need to be reviewed, and the two DOJ components anticipate that the review process will take approximately 60 days.

Defendant believes that once it has completed its review and the Parties have had an opportunity to meet and confer in person as directed by the Court, it may serve to either resolve

the dispute or narrow any remaining issues for summary judgment. Defendant therefore requests this stay in good faith and for purposes of judicial economy, and not for the purpose of delay, as there is a potential that it may obviate the need for summary judgment or narrow the issues that will proceed to briefing on motions for summary judgment. No party will be prejudiced by the granting of this motion, and as described above, Plaintiff has consented to the relief requested.

In light of the foregoing, Defendant respectfully requests that summary judgment briefing be stayed until December 4, 2026, and that the parties meet and confer and file a status report by that date to update the Court on the status and propose a new summary judgment briefing schedule, unless a stipulated notice of dismissal is filed before then.

A proposed order is attached.

Dated: October 2, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*By: /s/ Tara Derbisz*
TARA DERBISZ
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 809-0784
Tara.derbisz@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA TOENSING,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-2385 (SLS) |

**[PROPOSED] ORDER**

Upon consideration of Defendant's consent motion for a stay of the summary judgment briefing schedule, it is hereby

**ORDERED**, that Defendant's motion is granted and the summary judgment briefing schedule is stayed until further order of the Court; and it is further

**ORDERED** that the parties meet and confer and file a Joint Status Report on or before December 4, 2026, to update the Court on the status and to propose a new summary judgment briefing schedule, if necessary.

**SO ORDERED.**

________________
Date

______________________________
Sparkle S. Sooknanan
UNITED STATES DISTRICT JUDGE